IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MYRON L. HUNT, | § | |
| | § | |
| Defendant Below, | § | No. 175, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1908019552 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 14, 2020
Decided: October 26, 2020

Before **SEITZ,** Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)   On February 12, 2020, a Superior Court jury found the appellant, Myron L. Hunt, guilty of drug dealing (cocaine) in a Tier 2 quantity plus an aggravating factor (commission of the offense in an automobile) and possession of drug paraphernalia. On April 23, 2020, the Superior Court sentenced Hunt for the drug-dealing offense to twenty-five years of imprisonment, suspended after three years for eighteen months of Level III probation, and for possession of drug paraphernalia to one year of imprisonment, suspended for one year of Level III

probation. The Superior Court later corrected the sentence for possession of drug paraphernalia to six months of imprisonment, suspended for one year of Level III probation. This is Hunt's direct appeal.

(2)     On appeal, Hunt's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Hunt's counsel asserts that, based upon a conscientious review of the record and the law, the appeal is wholly without merit. In his statement filed under Rule 26(c), counsel indicates that he informed Hunt of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Hunt of his right to submit points he wanted this Court to consider on appeal. Hunt has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(3)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson*, 488 U.S. at 82.

(4) The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Hunt could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Karen L. Valihura_____
Justice

3